UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ZARRE L MUNGER,

                Plaintiff,                              Case No. 19-12830

v.                                        Honorable Thomas L. Ludington
                                                   Magistrate Judge Anthony Patti

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**ORDER SUSTAINING DEFENDANT'S OBJECTION, ADOPTING IN PART AND DENYING IN PART JUDGE PATTI'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff filed his application for social security disability in April 2016, alleging that his disability began on June 15, 2015, at the age of 35. ECF No. 9 at PageID.168. His application was denied on October 5, 2016. *Id.* at PageID.85–106. Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). *Id.* at PageID.107. On April 17, 2018, ALJ Margaret O'Donnell conducted a hearing, at which Plaintiff and a vocational expert (VE), Elizabeth Pasikowski, testified. *Id.* at PageID.64–84, 256. On August 29, 2018, ALJ O'Donnell issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at PageID.44–63. Plaintiff submitted a request for review of the hearing decision. *Id.* at PageID.162–67. However, on August 2, 2019, the Appeals Council denied Plaintiff's request for review. *Id.* at PageID.32–37. Thus, ALJ O'Donnell's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on September 27, 2019. ECF No. 1. Plaintiff filed a motion for summary judgment on January 6, 2020 and Defendant filed a cross-motion for summary judgment on February 5, 2020. ECF Nos. 13, 15. On January 27, 2021, Magistrate Judge Patti issued his Report and Recommendation. ECF No. 17. On February 9, 2021, Defendant objected. ECF No. 18.

## I.

In Magistrate Judge Patti's Report and Recommendation, he addressed two arguments advanced by Plaintiff. First, the ALJ's "treatment of the opinion evidence, specifically the co-signed medical source statements (MSSs)" and the ALJ's Step 5 conclusion. ECF No. 17 at PageID.859. Neither party objected to his MSS conclusion. However, Defendant objects to Judge Patti's decision to remand the case to the ALJ regarding the Step 5 determination. ECF No. 18. In the Report and Recommendation, Judge Patti explained,

> At the administrative hearing, the ALJ described a hypothetical individual, whose RFC was similar to that eventually determined by the ALJ. (R. at 20, 50-51.) The VE testified that such an individual could perform the jobs of cleaner, packer and assembler. (R. at 51.) The ALJ asked the VE if her testimony was "consistent with the DOT[,]" and she responded, "[e]xcept for things that aren't listed, which would include off task, routine, repetitive, occasional talking and production-paced tasks, occasional changes, working with supervisors, coworker, no public and tandem. That would all be based on my experience." (R. at 51-52.)

ECF No. 17 at PageID.870. The Commissioner agrees (or at least does not contest) that the RFC requirement that Plaintiff "must avoid exposure to extreme cold and wetness" conflicts with the job of cleaner. *Id.* at PageID.871. As for the hand packer and motor vehicle assembler positions, Judge Patti found that "the RFC's[1] CPP[2] limitation may conflict with the [DOT]'s hand packager descriptions concerning 'production,' and the RFC's limitation on interacting with others may

---

[1] Residual Functional Capacity
[2] concentration persistence and pace

conflict with the [DOT]'s motor vehicle assembler descriptions concerning 'team.'" *Id.* at PageID.872. He further explained that Plaintiff rightly "contend[ed] that the VE's testimony was inconsistent with" the DOT "because the VE's testimony suggests that 'production-paced tasks' and 'tandem' tasks are not listed in the motor vehicle assembler or the hand packager positions, yet . . . these positions may well involve production or team work." *Id.* at PageID.872–73. However, Plaintiff's counsel did not cross-examine the VE on this apparent conflict at the hearing.

After analyzing caselaw on the question of waiver, Judge Patti concluded that Plaintiff's counsel did not waive the issue of the inconsistency between Plaintiff's RFC and the DOT descriptions for packer and assembler positions when counsel failed to cross-examine the VE on the issue during the hearing. He therefore recommended the case be remanded to the ALJ.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *De novo* review requires

at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F.Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## B.

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he or she can demonstrate that they are in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff

carries the burden of establishing that he meets this definition. 42 U.S.C. § 423(d)(5)(A); *see also*

*Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

## III.

Defendant raises one objection to Judge Patti's Report and Recommendation, that he "erred

in finding that the vocational expert's testimony did not support the ALJ's step five finding." ECF

No. 18 at PageID.882. He offers four reasons for his position,

> (1) the Magistrate Judge improperly substituted his own judgment for the
> vocational expert's; (2) Magistrate Judge Brennenstuhl's rulings were premised on
> a misreading of the Sixth Circuit's decision in *Cunningham v. Astrue*, 360 F. App'x
> 606 (6th Cir. 2010); (3) the Sixth Circuit again clarified in 2020 that claimants'
> representatives waive later challenges to purported conflicts between the DOT and
> VE testimony when they fail to probe such conflicts at the ALJ hearing; and (4)
> Magistrate Judge Brennenstuhl subsequently retreated from his own rationale after
> the Sixth Circuit's decision in *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313
> (6th Cir. 2020).

ECF No. 18 at PageID.881.

## A.

After explaining the conflict between the packer and assembler jobs and Plaintiff's RFC in

the Report and Recommendation, Magistrate Judge Patti explained,

> [T]he Commissioner argues that Plaintiff's administrative representative
> did not question the VE "regarding the purported conflicts with the DOT[.]" (ECF
> No. 15, PageID.841-842 (emphasis added).) *See Kepke v. Comm'r of Soc. Sec.*, 636
> F. App'x 625, 636 (6th Cir. 2016) ("Because Kepke failed to probe this alleged
> deficiency at the ALJ hearing, she forfeited this argument."); *Sims v. Comm'r of
> Soc. Sec.*, 406 F. App'x 977, 982 (6th Cir. 2011) ("Yes, the vocational expert's
> testimony could have been further refined; but as the district court pointed out,
> plaintiff's counsel had the opportunity to cross-examine, but asked only one
> question and did not probe the deficiency now identified on appeal."); *Reed v.
> Comm'r of Soc. Sec.*, No. 1:10-CV-350, 2011 WL 4571813, at *10 (W.D. Mich.
> Sept. 30, 2011) ("Plaintiff had an affirmative obligation to question the vocational
> expert if she believed that there existed a conflict between his testimony and the
> DOT.").

Although the Commissioner cites *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 158 (6th Cir. 2009) ("The ruling does not require that the ALJ attempt to address or resolve conflicts between the testimony of a vocational expert and the Occupational Outlook Handbook.") and contends that the conflicts about which Plaintiff now complains "would have been fodder for cross-examination," but "would not have been 'apparent' to the ALJ[,]" (ECF No. 15, PageID.841), Plaintiff convincingly notes that his representative would not know the ultimate RFC determination at the time of the administrative hearing. (ECF No. 16, PageID.850.)

Perhaps more importantly, Plaintiff points to authority[3] – albeit not binding but at least from another district within the Sixth Circuit – for the proposition that "it would be impractical for Plaintiff's counsel, who has no idea what jobs would be described by the VE, to research those jobs and to prepare cross-examination 'on the fly,'" because it would "plac[e] an unreasonable burden on the Plaintiff." (ECF No. 16, PageID.851-852.) Specifically, when considering the then-Commissioner's argument that "it is a plaintiff's duty to elicit any inconsistencies with a vocational expert's testimony and the Dictionary of Occupational Titles (DOT) on cross examination," the court stated:

> In contrast to the circumstances in Kepke, Plaintiff had no notice that the vocational expert would identify Stuffer, DOT 731.685-014; Hand Packager, DOT 559.687-074; and Lens Inserter, DOT 713.687-026 in response to the ALJ's hypothetical question (Tr. 28). Prior to the administrative hearing Plaintiff could not have conducted research about these three jobs on the DOT and O*NET. Moreover, because there are literally thousands of jobs identified in the DOT, it is unlikely that Plaintiff had sufficient personal knowledge about these job descriptions to effectively cross-examine the vocational expert "on the fly." In order to effectively cross-examine the vocational expert about the three identified jobs, Chinn would have needed to conduct research on the DOT and O*NET after the vocational expert identified these jobs. However, it would be impractical to conduct such research during the hearing. This places an unreasonable burden on a claimant. Therefore, the Commissioner's waiver argument fails.

*Chinn v. Berryhill*, No. 4:18-CV-00054-HBB, 2019 WL 1173374, at *7 (W.D. Ky. Mar. 13, 2019) (internal footnotes omitted). The same court has engaged in similar analysis on at least three other occasions. *See Wright v. Berryhill*, No. 4:18-CV-00021-HBB, 2019 WL 498855, at *6 (W.D. Ky. Feb. 8, 2019); *Gordon v. Berryhill*, No. 4:18 CV-00055-HBB, 2019 WL 360525, at *7 (W.D. Ky. Jan. 29, 2019); *Sorrell v. Berryhill*, No. 4:18-CV-00029-HBB, 2019 WL 360523, at *7 (W.D. Ky. Jan. 29, 2019). *See also Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018) (concluding that "SSR 00-4p is properly understood to impose an affirmative duty on the ALJs to identify apparent conflicts, ask the VE about them, and explain how the conflict was resolved in the ALJ's final decision. The text of

---

[3] These opinions were authored by Magistrate Judge Brennenstuhl.

the Ruling strongly suggests as much, and the inquisitorial nature of disability proceedings practically demands it."). The Undersigned is persuaded by these cases and recommends that, here too, the Court reject the Commissioner's attempt to fault Plaintiff for failing to probe – at the time of the administrative hearing – purported conflicts between the DOT the RFC [sic].

ECF No. 17 at PageID.874–76.

## B.

The Commissioner has the burden of proof in Step 5 "to show a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile." *O'Neal v. Commissioner of Social Security*, 276 799 Fed. App'x 313, 316 (6th Cir. 2020) (cleaned up). "To meet the burden, the Commissioner must prove that the claimant has the vocational qualifications to perform specific jobs and may rely on a vocational expert's testimony in response to a hypothetical question about the claimant's impairments and abilities." *Id.* "All that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict." *Id.* at 317.

In this case, Plaintiff has several restrictions that, on their face, appear to conflict with the packer and assembler DOT requirements. However, when counsel for the Commissioner questioned the VE, the VE explained that she believed "based on [her] experience" that Plaintiff would be able to do the jobs, even with the discrepancies between his restrictions and the DOT. Thus, the ALJ sufficiently addressed the potential conflict between the VE's testimony and the DOT.

## C.

Even if the Commissioner's questioning of the VE was insufficient to address the purported conflict, Plaintiff's argument is waived because counsel did not cross-examine the VE about the

- 7 -

conflict at the hearing. Judge Patti's conclusion is predicated on the fact that Plaintiff's representative would not have known the final RFC at the administrative hearing and that it would be impractical for Plaintiff's attorney to effectively cross-examine the VE when there are hundreds of jobs listed in the DOT.[4] Judge Patti anchors his argument on several opinions by a Magistrate Judge in the Western District of Kentucky, some as recent as 2019. However, in 2020, the Sixth Circuit held that a plaintiff waives any argument about discrepancies between a VE's testimony and the DOT when Plaintiff's counsel does not cross-examine the VE at the ALJ hearing.[5] The question in the Kentucky and Sixth Circuit cases was whether the jobs at issue from the DOT were obsolete.[6] However, the general rule that arguments not raised on cross-examination are waived— especially when the VE provided an explanation for the discrepancy—also applies to this case.

When the VE's testimony does not match the DOT, as occurred in this case, the ALJ cannot solely rely upon the DOT but must address the inconsistency. *O'Neal*, 799 Fed. App'x at 317–18.

---

[4] This position is well-corroborated in the industry. James Rinck, a three-term chair of the State Bar of Michigan Social Security Section, authored an article in the Michigan Bar Journal, explaining, "In a Social Security hearing, impeaching the VE is problematic; a competent practioner is under the gun during vocational expert testimony, especially now that experts are no longer drawn from a local pool, but can participate from anywhere in the country. An attorney may not know much about them. Investing in programs like Skilltran, Job Sleuth, or Occucollect allow you to check jobs as the expert discusses them during a hearing. In the Social Security arena, nothing prevents you from filing a post-hearing brief so such issues can be preserved for review." James R. Rinck, *The Old Order Changes, Yielding to the New*, Michigan Bar Journal (January 2021).

[5] "All that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict. The ALJ satisfied this requirement when she asked the vocational expert whether her testimony aligned with the DOT. Contrary to [Plaintiff]'s suggestion, the ALJ was under no duty to conduct an independent investigation into the vocational expert's testimony to determine whether it was correct. [Plaintiff] had a chance to cross-examine the vocational expert during the hearing, and he did not." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317–18 (6th Cir. 2020) (internal quotations and citations omitted).

[6] "Because the DOT continues to be recognized as a source of reliable job information and O'Neal did not cross-examine the vocational expert when he had the opportunity, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that O'Neal was able to perform work that existed in significant numbers in the national economy." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 318 (6th Cir. 2020).

In this case, the Commissioner did question the VE about the inconsistency and the VE explained that she believed Plaintiff could perform the jobs, even with his limitations. Plaintiff's counsel chose not to conduct even a cursory cross-examination of the VE regarding her experience. "We must defer to an ALJ's findings if they are supported by substantial evidence, even if substantial evidence also supports the opposite conclusion." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 315 (6th Cir. 2020) (citing reference omitted).

Further, as Defendant indicates in his objection, after *O'Neal*, Magistrate Judge Brennenstuhl (the Judge who authored the waiver opinions that Judge Patti relied upon) changed his perspective on cross-examination of a VE regarding obsolete DOT positions. He explained,

> In a recently issued unpublished order, the Sixth Circuit attempted to resolve the apparent confusion among some of the district courts. *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 316-18 (6th Cir. 2020). Because the regulations continue to recognize the DOT as a source of reliable information and the claimant did not [] cross-examine the vocational expert about the DOT job descriptions when he had the opportunity, the Sixth Circuit held the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that the claimant was able to perform work that existed in significant numbers in the national economy. *Id.*

> Applying the holding in O'Neal to the circumstances before the Court, Plaintiff did cross-examine the vocational expert. But Plaintiff failed to cross-examine the vocational expert about the obsolescence of the DOT's descriptions for those four jobs. Considering the holding in *O'Neal*, the vocational expert's testimony constitutes substantial evidence to support ALJ's finding that Plaintiff is able to perform his past relevant work as generally performed, not as Plaintiff performed that job. For the same reason, the ALJ's alternative findings at the fifth step are also supported by substantial evidence.

*Black v. Saul*, 2020 WL 8420716 at *7 (W.D. Kentucky).

Magistrate Judge Patti's Report and Recommendation will be adopted regarding the ALJ's treatment of opinion evidence and rejected regarding the ALJ's Step 5 conclusion.

## IV.

Accordingly, it is **ORDERED** that Defendant's Objection, ECF No. 18, is **SUSTAINED**.

It is further **ORDERED** that Judge Patti's Report and Recommendation, ECF No. 17 is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF Nos. 13–14, is **DENIED.**

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

Dated: March 30, 2021                             s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge